**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

|  |  |
|---|---|
| **PORTER-HAYDEN COMPANY**<br>711 W 40th Street, Suite 351<br>Baltimore, Maryland 21211<br><br>and<br><br>**GARDNER DUVALL, IN HIS<br>CAPACITY AS TRUSTEE FOR THE<br>PORTER HAYDEN BODILY<br>INJURY TRUST**<br>7 Saint Paul Street, Suite 1500<br>Baltimore, Maryland 21202<br><br>       Plaintiffs,<br>   v.<br><br>**THE TRAVELERS<br>INDEMINTY COMPANY**<br>One Tower Square<br>Hartford, Connecticut 06183<br><br>       Defendants. | Case No.  1:26-cv-2052 |

**COMPLAINT**

Plaintiffs Porter-Hayden Company (the "**Company**") and Gardner Duvall, in his capacity as Trustee for the Porter Hayden Bodily Injury Trust (the "**Trust**" and collectively with the Company, "**Porter Hayden**"), by their undersigned counsel, hereby commence this action against Defendant The Travelers Indemnity Company ("**Defendant**" or "**Travelers**"), and state as follows:

**THE PARTIES**

1.      The Company is a Maryland corporation that was formed on December 31, 1966, upon the merger of its predecessors, H.W. Porter & Co., Inc., and Reid Hayden, Inc.

1

2.      The Trust is domiciled in Maryland.

3.      The Company was engaged in the business of insulation contracting, and installed thermal insulation materials in industrial facilities located primarily in the mid-Atlantic region. Among the insulation materials used by the Company in the course of its operations were products containing asbestos.

4.      On March 15, 2002, the Company commenced a proceeding under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Maryland, Case No. 02-54152 (the "**Bankruptcy Proceeding**").

5.      Pursuant to the Third Amended Plan of Reorganization (the "**Plan**") entered in the Bankruptcy Proceeding, one hundred percent of Company stock was transferred to the Trust.

6.      The Plan entered in the Bankruptcy Proceeding established a process for the review and adjudication of claims for bodily injury arising from exposure to asbestos.  As of December 31, 2025, more than 159,000 bodily injury claims have been submitted, and more than 43,000 such claims have been paid.  Due to the limited assets available to the Trust, such claims are currently paid at four percent (4%) of their liquidated value, plus an inflation adjustment factor.

7.      Travelers is incorporated under the laws of the State of Connecticut.  Travelers is an insurance carrier which conducts business throughout the United States, including in Maryland.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs are citizens of Maryland, and Defendant is a citizen of Connecticut.

2

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     This Court has personal jurisdiction over Defendant because Plaintiffs' claims arise from Defendant's business activities within the state.

### FACTUAL BACKGROUND

11.     The Company was formed on December 31, 1966 upon the merger of its predecessors, H.W. Porter & Co., Inc., and Reid Hayden, Inc. (collectively with the Company, the "**Porter Hayden Companies**").

12.     The business of the Porter Hayden Companies included the installation of thermal insulation materials in industrial facilities in multiple states, including locations in New Jersey, Maryland, Virginia, and North Carolina.  The Company did not manufacture any products or materials.

13.     Among the locations at which the Company installed insulation materials that contained asbestos were facilities operated by Bethlehem Steel Corporation ("**Bethlehem Steel**"), namely (a) the steel mill located at Sparrows Point (the "**Sparrows Point Steel Mill**"), (b) the shipyard located at Sparrows Point (the "**Sparrows Point Shipyard**"), and (c) the shipyard located on Key Highway (the "**Key Highway Shipyard**").  The Sparrows Point Steel Mill, the Sparrows Point Shipyard, and the Key Highway Shipyard are collectively referred to herein as the "**Bethlehem Steel Sites**."

14.     The Porter Hayden Companies conducted operations, at least, at Sparrows Point Steel Mill, Sparrows Point Shipyard, and Key Highway Shipyard, pursuant to agreements with Bethlehem Steel over the course of more than ten years in the 1960s and 1970s, as well as the years before and after those directly relevant to this action.

15.    During the period of the Porter Hayden Companies' operations at the Bethlehem Steel Sites, Bethlehem Steel maintained insurance policies with Travelers that included comprehensive general liability insurance, as well as automobile liability insurance, workers compensation insurance, and employment practices liability insurance.

16.    Bethlehem Steel's insurance agreements with Travelers included a series of 'wrap-up' policies, pursuant to which coverage extended to "all contractors and subcontractors" performing work at various Bethlehem Steel locations in addition to Bethlehem Steel itself.  These policies were 1) Policy No. RKSLG-2686701 for the period of September 1, 1965 to September 1, 1968; and 2) Policy No. RKSLG-2686701-68 for the period of April 1, 1968 to "completion of project" (collectively, the "**Policies**").[1]

17.    The Bethlehem Steel Sites were among the sites insured by the general liability coverage provided by Travelers to Bethlehem Steel pursuant to the Policies; other insured sites were not in Maryland and are not asserted to be a basis of liability in this action.

18.    The Porter Hayden Companies were "contractors" or "subcontractors" within the scope of the Policies issued by Travelers to Bethlehem Steel.

19.    The Policies issued by Travelers to Bethlehem Steel encompassed claims for bodily injury and set limits of liability with respect to each occurrence of bodily injury that was subject to the coverage provided by Travelers.

20.    Numerous individuals have asserted claims against the Porter Hayden Companies arising out of exposure to asbestos-containing materials used by the Porter Hayden Companies in their work at the Bethlehem Steel Sites.  Following the adoption of the Plan implemented pursuant

---

[1]    A true and correct copy of Policy No. RKSLG-2686701 is attached hereto as **Exhibit A**. A true and correct copy of Policy No. RKSLG-2686701-68 is attached hereto as **Exhibit B**.

to the Bankruptcy Proceeding, claimants have submitted their claims via a procedure established by the Trust.

21.    The Company has given notice to Travelers of the claims arising out of its operations at the Bethlehem Steel Sites during the time periods encompassed by the policies issued by Travelers to Bethlehem Steel.

22.    Travelers has denied any liability or obligations with respect to such claims and has refused to fulfill its obligation under the Policies to indemnify the Company with respect to such claims subject to the limits of liability set forth in the Policies.

**COUNT ONE – BREACH OF CONTRACT**

23.    The foregoing paragraphs are incorporated by reference as if fully set forth herein.

24.    The Company is insured by the Policies issued by Travelers that are described in this Complaint.

25.    The Company has been the subject of numerous claims by persons who experienced bodily injuries in connection with work performed by the Company at the Bethlehem Steel Sites.

26.    The Company has given notice of those claims to Travelers, and Travelers has failed and refused to fulfill its obligations under the Policies with respect to such claims.

27.    Travelers actions constitute breaches of the terms of the Policies.

28.    Porter Hayden has suffered damages as a result of Travelers breaches of its obligations of the Policies.

WHEREFORE, Porter Hayden demands judgment in an amount to be determined at trial, in excess of $250 million, plus interest, attorneys' fees, costs, post-judgment interest at the legal rate and such further relief as the Court deems just and proper.

## COUNT TWO – DECLARATORY JUDGMENT

29.     The foregoing paragraphs are incorporated by reference as if fully set forth herein.

30.     Travelers issued the Policies referenced in this Complaint and undertook certain obligations as an insurer with respect to the Policies.

31.     The Company has been the subject of numerous claims by persons who experienced bodily injuries in connection with work performed by the Company at the Bethlehem Steel Sites, and it is likely that additional claims of that nature will be asserted in the future.

32.     The Company has asserted that the obligations of Travelers under the Policies include an obligation to indemnify the Company with respect to bodily injuries experienced by individuals who were exposed to asbestos-containing materials used by the Company in its work at the Bethlehem Steel Sites during the time periods during which those Policies were in effect, subject to applicable coverage limitations set forth in the Policies with respect to each such occurrence.

33.     Travelers has denied that is has any obligations to the Company under the terms of the Policies.

34.     There exists an actual controversy of a justiciable nature between the Company and Travelers within the jurisdiction of this Court involving the rights and obligations of the parties under the Policies, which controversy may be determined by a judgment of this Court.

35.     The Company is entitled to a declaratory judgment that Travelers is obligated to fulfill its obligations under the Policies with respect to all claims for bodily injury that have been made, or will be made in the future, with respect to bodily injuries arising out of exposure to asbestos-containing materials used by the Company in its work at the Bethlehem Steel Sites during the time periods during which the Policies were in effect.

WHEREFORE, Porter Hayden respectfully request:

a.      That this Court determine and adjudicate the rights and obligations of the parties under the Policies;

b.      That this Court find and declare that the Company was an insured with respect to work performed at the Bethlehem Steel Sites during those time periods for which the Policies were in effect;

c.      That Travelers is obligated to indemnify the Company, and in turn the Trust, with respect to all claims of bodily injury that have been made, or will be made in the future, with respect to injuries arising out of exposure to asbestos-containing materials utilized by the Company in its work at the Bethlehem Steel Sites during the time periods during which the Policies were in effect;

d.      That this Court award Porter Hayden the costs of these proceedings;

e.      That this Court award Porter Hayden such other relief as the Court may deem just and proper.

## **REQUEST FOR JURY TRIAL**

Porter Hayden requests a trial by jury on all issues so triable.


Dated:  May 26, 2026                          Respectfully submitted,

/s/ Albert J. Mezzanotte, Jr.
Albert J. Mezzanotte, Jr. (Bar No. 00197)
C. Andrew Barnes (AIS No. 30561)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
Telephone:  (410) 347-9471
Facsimile:  (410) 234-2313
amezzanotte@whitefordlaw.com
anbarnes@whitefordlaw.com